UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-61221-CIV-ALTONAGA

**MICHEL TORRES**,

    Petitioner,

v.

**FLORIDA DEPARTMENT OF CORRECTIONS**,

    Respondent.

_____/

# ORDER

**THIS CAUSE** comes before the Court on Petitioner, Michel Torres's Second Amended Petition Under 28 U.S.C. [section] 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 8], filed on August 1, 2022.[1] Petitioner challenges the constitutionality of his state conviction and sentence on one count of burglary of a dwelling and one count of grand theft. (*See generally* Second Am. Pet.).

Respondent, Florida Department of Corrections filed a Response [ECF No. 16], an Index to Appendix [ECF No. 17] with exhibits [ECF Nos. 17-1–17-2],[2] a Notice of Filing Transcripts

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted). The Second Amended Petition was signed by Petitioner on August 1, 2022. (*See* Second Am. Pet. 20). The Court therefore treats August 1, 2022, as the date it was filed. *See United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) ("Unless there is evidence to the contrary . . . we assume that a prisoner's motion was delivered to prison authorities on the day he signed it." (alteration added; citation omitted)).

[2] Volume I [ECF No. 17-1] contains Exhibits 1–13, and Volume II [ECF No. 17-2] contains Exhibits 14–27.

[ECF No. 18] with attached transcripts [ECF Nos. 18-1–18-3],[3] and a Supplemental Notice of Filing Transcript [ECF No. 19] with attached transcript [ECF No. 19-1].[4] Petitioner thereafter filed a Reply [ECF No. 20]. The Court has carefully considered the parties' written submissions, the record, and applicable law. For the following reasons, the Petition is dismissed.

## I. BACKGROUND

On April 18, 2018, a Broward County jury found Petitioner guilty of burglary of a dwelling (Count 1) and grand theft (Count 2). (*See* App., Attach. 1, Vol. I, Ex. 3, Verdict 12–13).[5] Petitioner was sentenced to 15 years' imprisonment as a prison releasee reoffender on Count 1 and to a concurrent sentence of five years' imprisonment on Count 2. (*See* App., Attach. 1, Vol. I, Ex. 5, Sentence 18–23). The Fourth District Court of Appeal affirmed the conviction and sentence on October 17, 2019. *See Torres v. State*, 282 So. 3d 97 (Fla. 4th DCA 2019) (unpublished). The Mandate issued on November 15, 2019. (*See* App., Attach. 1, Vol. I, Ex. 12, Nov. 15, 2019 Mandate 131).

Back at the trial court, Petitioner filed a Motion for Postconviction Relief on December 23, 2020. (*See* App., Attach. 1, Vol. I, Ex. 13, Mot. for Postconviction Relief 133–57). On July 8, 2021, the trial court denied the Motion. (*See* App., Attach. 2, Vol. II, Ex. 16, Order Den. Postconviction Relief 72–76). The Fourth District Court of Appeal affirmed the denial of the Motion for Postconviction Relief on March 24, 2022. *See Torres v. State*, 337 So. 3d 336 (Fla. 4th DCA 2022) (unpublished). The Mandate issued on June 3, 2022. (*See* App., Attach. 2, Vol.

---

[3] Volume I [ECF No. 18-1] contains pages 1–298 of the trial transcript, Volume II [ECF No. 18-2] contains pages 299-598 of the trial transcript, and Volume III [ECF No. 18-3] contains pages 599–631 of the trial transcript.

[4] Volume I [ECF No. 19-1] contains the sentencing transcript.

[5] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

II, Ex. 23, June 3, 2022 Mandate 120).

Petitioner filed his original Petition Under 28 U.S.C. [section] 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] (hereinafter "Original Petition"), on June 23, 2022. As explained in the Court's June 28, 2022 Order [ECF No. 3], the Original Petition was deficient in several respects. (*See generally id.*). First, Petitioner failed to pay the Clerk's $5.00 filing fee or file a motion for leave to proceed *in forma pauperis* ("IFP Motion"). (*See id.* 1). Second, the Original Petition was "not on the approved form for 28 U.S.C section 2254 petitions." (*Id*. 1). Due to these deficiencies, the Court stated as follows:

> [T]he Court will not rule on Petitioner's Motion at this time. Petitioner is advised that, in ordering him to file an amended petition, the Court is not granting him equitable tolling at this time. *See Paulcin v. McDonough*, 259 F. App'x 211, 212–13 (11th Cir. 2007) (explaining that transfers and lack of access to legal papers do not normally constitute "extraordinary circumstances" that would justify equitable tolling of the one-year statute of limitations applicable to 28 U.S.C. section 2254 petitions). Therefore, if Petitioner raises new claims in his amended petition that do not relate back to a timely-filed petition, those claims will be dismissed unless Petitioner can show that equitable tolling is warranted.

(*Id.* 2 (alteration added)).

Petitioner was granted until July 27, 2022 to either pay the filing fee or an IFP Motion, and was granted until August 26, 2022 to file an amended petition. (*See id.* 1–2). Petitioner was "cautioned that failure to comply with this Order may result in dismissal of this case." (*Id*. 2).

On July 8, 2022, Petitioner filed an Amended Petition [ECF No. 4]. Petitioner again failed to pay the filing fee or file an IFP Motion. (*See generally* Am. Pet.). Accordingly, on August 1, 2022, the Court entered an Order [ECF No. 6] dismissing the case without prejudice. (*See id.* 2).

On August 1, 2022, Petitioner filed a Motion for Leave to Amend Petition [ECF No. 7] and his Second Amended Petition, both of which were docketed on August 4, 2022. Remarkably, Petitioner once more failed to pay the filing fee or file an IFP Motion. (*See generally* Second Am.

3

Pet.). On August 8, 2022, the Court entered an Order [ECF No. 9] denying the Motion for Leave to Amend and dismissing the Second Amended Petition.

On August 12, 2022, Petitioner filed a Motion for Leave to Accept Payment/Fee for Filing Petition for Writ of Habeas Corpus [ECF No. 10] (hereinafter "First Motion for Leave"). Petitioner explained that on June 27, 2022, a family member sent the $5.00 filing fee, but the payment was returned, possibly because no case number was included. (*See id.* 1). On August 15, 2022, the Clerk's $5.00 filing fee was received [ECF No. 11]. On the same day, Petitioner filed a Motion for Leave to Accept this Memorandum of Law in Support to Petition of Writ of Habeas Corpus [ECF No. 12] (hereinafter "Second Motion for Leave") requesting that the Court reopen the case. On August 18, 2022, the Court entered an Order [ECF No. 13] granting Petitioner's First and Second Motions for Leave, reopening the case, and treating Petitioner's Second Amended Petition as the operative pleading. (*See generally* Aug. 18, 2022 Order).

In his Second Amended Petition, Petitioner raises claims of trial court error and ineffective assistance of counsel. (*See generally* Second Am. Pet.). For the reasons explained, the Court does not reach the merits — the Second Amended Petition is time-barred, and Petitioner does not demonstrate that equitable tolling is warranted.

## II. DISCUSSION

### A. Timeliness

*i. The Petition is Untimely.*

Respondent argues that the Second Amended Petition is time-barred. (*See* Resp. 9). Petitioner does not address the timeliness issue in his Second Amended Petition. (*See* Second Am. Pet. 18). In his Reply, Petitioner blames his mother for failing to pay the filing fee. (*See* Reply 2). Petitioner does not persuade; the Court agrees with Respondent that the Second Amended

Petition us untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a "[one]–year period of limitation . . . [for] an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1) (alterations added). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. *Id.* § 2244(d)(2) (alteration added).

Petitioner does not assert that an unconstitutional State-created impediment to filing his federal habeas Petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence. (*See generally* Second Am. Pet.). Accordingly, the statute of limitations is measured from the sole remaining trigger, which is the date Petitioner's "judgment" became final. 28 U.S.C. § 2244(d)(1)(A).

The date of finality for purposes of the limitations period is the conclusion of the appeal process or the expiration of the time for seeking review. *See Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009). Here, the Fourth District Court of Appeal affirmed Petitioner's conviction and

sentence on October 17, 2019, without a written opinion. *See Torres*, 282 So. 3d 97 at (unpublished). Because there was no written opinion, Petitioner could not seek discretionary review with the Florida Supreme Court. *See Wheeler v. State*, 296 So. 3d 895, 896 (Fla. 2020) (explaining that the Florida Supreme Court "lacks jurisdiction to review unelaborated orders or opinions" from the lower courts "that do not expressly address a question of law").

Given this lack of jurisdiction, the Fourth District Court of Appeal became Petitioner's court of last resort on October 17, 2019; and his conviction became final 90 days later, on January 15, 2020, when the time for filing a petition for writ of certiorari with the United States Supreme Court expired. *See* U.S. Sup. Ct. R. 13.1; *see also Chavers v. Sec'y, Fla. Dep't of Corr*., 468 F.3d 1273, 1275 (11th Cir. 2006) (holding that the entry of judgment is the event that starts the running of time for seeking review by the Supreme Court). Accordingly, the AEDPA one-year limitations period began on January 15, 2020. *See* 28 U.S.C. § 2244(d)(1)(A).

From there, on December 23, 2020 — 343 days from January 15, 2020 — Petitioner filed a Motion for Postconviction Relief. (*See* Mot. for Postconviction Relief 133–57). The Motion for Postconviction Relief remained pending until its denial was affirmed on appeal, and the corresponding Mandate issued, on June 3, 2022. (*See* June 3, 2022 Mandate); *see also Nyland v. Moore*, 216 F. 3d 1264, 1267 (11th Cir. 2000) ("In Florida, a state court of appeals' order denying a rehearing on its affirmance of the state trial court's denial of a motion for post-conviction relief is pending until the mandate issues." (citation omitted)).

Petitioner then filed the Original Petition on June 23, 2022, adding another 20 untolled days to his count. Altogether, 363 untolled days ran up to the date the Original Petition was filed. However, the Original Petition was deficient because Petitioner failed to use the approved form and failed to file an IFP motion or pay the filing fee. (*See generally* June 28, 2022 Order). Rather

than dismissing the case, the Court granted Petitioner leave — until July 27, 2022 — to cure the deficiencies by paying the filing or filing an IFP Motion; Petitioner was also warned that the Court was "not granting him equitable tolling at this time." (*Id*. 2 (citation omitted)). Indeed, Petitioner was further "cautioned that failure to comply with this Order may result in dismissal of this case." (*Id*.).

Yet, Petitioner failed to comply. On July 8, 2022, he filed his Amended Petition, again failing to pay the filing fee or file an IFP motion. (*See generally* Am. Pet.). Accordingly, the Court dismissed the case without prejudice. (*See* Aug. 1, 2022 Order 2).

The deficient, Original Petition, while timely filed, did not toll the statute of limitations. Under 28 U.S.C. section 2244(d)(2), "federal habeas petitions do not constitute 'other collateral review' within the meaning of the statute." *Smallwood v. Sec'y, Dep't of Corr*., 178 F. App'x 944, 945 (11th Cir. 2006) (citing *Duncan v. Walker*, 533 U.S. 167, 181 (2001)). "Consequently, [section] 2244(d)(2) does not toll the limitation period during the pendency of [Petitioner's original] federal habeas petition." *Id.* (alterations added; citing *Duncan*, 533 U.S. at 181).

So, the Court considers the Second Amended Petition, which is "the operative pleading." (Aug. 18, 2022 Order). The Second Amended Petition was filed on August 8, 202, 66 untolled days from June 3, 2022 — when the Mandate issued on the affirmance of the denial of Petitioner's Motion for Postconviction Relief. (*See generally* Second Am. Pet.; June 3, 2022 Mandate). If the Court were instead to rely on August 18, 2022 — the day the case was reopened and the Second Amended Petition accepted (*see* Aug. 18, 2022 Order) — that would result in 76 untolled days having run from June 3, 2022. Adding 66 days to the previous 363 days results in 429 untolled days having run; alternatively, adding 76 days results in 439 days. Both circumstances are well beyond the one-year limit imposed by the AEDPA. *See* 28 U.S.C. § 2244(d)(1)(A). The Second

Amended Petition is therefore time-barred. *See id.*

      *ii.*      *Equitable Tolling is Not Warranted.*

Nevertheless, "[i]f a defendant files a petition for a federal writ of habeas corpus beyond the one-year limitation period, the district court may still review an untimely petition filed by a petitioner entitled to equitable tolling." *Sam Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (alteration added). A federal habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and quotation marks omitted).

Petitioner does not argue that he never received the June 28, 2022 Order, which required him to cure his deficient Original Petition. *See Smallwood*, 178 F. App'x at 945 ("[The defendant] does not argue that he never received notice that the district court dismissed his initial [section] 2254 petition. Instead, [the defendant] stated that he received notice and chose to file a new petition." (alterations added)). Rather, Petitioner insists that "[t]he [C]ourt accepted his Amended 2254 and through no fault of his as [sic] the [C]ourt returned the five (5) dollar money order to his mother, thus the [C]ourt erred in dismissing his first filed 2254 petition filed on June 3, 2022[.]" (Reply 2 (alterations added)).

Petitioner is incorrect. To start, the Court did not "accept[]" his Amended Petition; to be clear, the Second Amended Petition was not "accepted" until August 18, 2022. But Petitioner's argument suffers from a further flaw: the Court expressly instructed Petitioner that "[i]f the filing fee is paid, the check or money order must indicate 'Case No. 22-61221-CIV-ALTONAGA' so the fee will be docketed in the correct case." (June 28, 2022 Order 2). Petitioner's lack of diligence in following the Court's instructions does not warrant equitable tolling. *See Holland*, 560 U.S. at

649. Petitioner's attempt to blame his mother does not persuade; it was Petitioner's responsibility — and no one else's — to file either an IFP motion or pay the filing fee.

In sum, Petitioner was granted an opportunity to cure his deficient Original Petition. (*See generally* June 28, 2022 Order). He failed to do so, resulting in dismissal of the Original Petition (*see generally id.*), and the Amended Petition (*see generally* Aug. 1, 2022 Order). In short, Petitioner "was not the victim of extraordinary circumstances that are both beyond his control and unavoidable even with diligence[.]" *Smallwood*, 178 F. App'x at 945 (alteration added; citation and quotation marks omitted). Therefore, equitable tolling is not warranted.

B. **Evidentiary Hearing**

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corrs.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (alteration added). Here, the pertinent facts of the case are fully developed in the record — as explained, Petitioner is time-barred, and thus precluded, from obtaining habeas relief. Because the Court can "adequately assess [Petitioner]'s claim[s] without further factual development[,]" Petitioner is not entitled to an evidentiary hearing. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003) (alterations added).

C. **Certificate of Appealability**

A prisoner seeking to appeal a district court's final order denying his petition for a writ of habeas corpus has no absolute entitlement to appeal and must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). A certificate of appealability shall issue only if a petitioner makes "a substantial showing of the denial of a

9

constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a district court dismisses a petition based on procedural grounds, a petitioner must further demonstrate that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration of the record, the Court concludes that Petitioner has not done so, and thus there is no basis to issue a certificate of appealability.

### IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Second Amended Petition Under 28 U.S.C. [section] 2254 for a Writ of Habeas Corpus by a Person in State Custody **[ECF No. 8]** is **DISMISSED**.

2. A *certificate of appealability* is **DENIED**.

3. The Clerk of Court is directed to **CLOSE** this case. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and thus, Petitioner is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Miami, Florida, this 29th day of March, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    counsel of record
       Petitioner, *pro se*